UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINTON FROST,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendant. | Case No. 18-cv-00871-HSG<br><br>**ORDER DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 2 |

Plaintiff Vinton Frost, representing himself, has filed a complaint against the United States Department of Homeland Security, purportedly brought under the Fourth Amendment. Plaintiff seeks leave to proceed *in forma pauperis*. Dkt. No. 2.

## I. INTRODUCTION

The Court may authorize the commencement of a civil action *in forma pauperis* if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action and that his action is not frivolous or malicious. 28 U.S.C. § 1915(a)(1); *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Having reviewed Plaintiff's application, the Court finds that he is unable to pay the full amount of fees, costs or give security. *Escobedo*, 787 F.3d at 1234 ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). Nevertheless, the Court finds that the action is frivolous and accordingly **DENIES** the motion to proceed *in forma pauperis*.

## II. LEGAL STANDARD

Section 1915(e)(2) mandates that the Court review an *in forma pauperis* complaint before directing the United States Marshal to serve the complaint. *Escobedo*, 787 F.3d at 1234 & n.7. The Court must dismiss a complaint if it fails to state a claim upon which relief can be granted.

*Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000)). The complaint must include a "short and plain statement," Fed. R. Civ. P. 8(a)(2), and "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). Plaintiff must provide the grounds that entitle him to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff is pro se, the Court construes his pleadings liberally and affords him the benefit of any doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). The Court is not, however, required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## III. ANALYSIS

As presently drafted, the complaint provides only a few sentences about the alleged conduct and fails to set forth any facts that would support a cognizable claim. From what the Court can discern, Plaintiff alleges that government officials seized his medical and insurance records, attacked him on the street, and seized his cellphone. *See* Dkt. No. 1. Critically, Plaintiff does not identify the specific actor or actors responsible. Although he alludes to "an enterprise . . . affiliated in part [with] the Central Intelligence Agency," he does not describe this group nor does he provide any factual support for his conclusion that they are responsible.

Even liberally construed, Plaintiff's assertion is conclusory and speculative, and insufficient to state a claim on which relief can be granted. "Although a pro se litigant . . . may be entitled to great leeway when the court construes his pleadings, those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." *Brazil v. United States Dep't of Navy*, 66 F.3d 193, 199 (9th Cir. 1995). The Court finds that Plaintiff has failed to meet that minimum threshold and accordingly **DISMISSES** his

complaint.

## IV. CONCLUSION

Despite these deficiencies, the Court cannot say at this stage that amending the complaint would be futile. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) ("[A] pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."). Plaintiff may still be able to allege sufficient facts to state a claim. *Lopez*, 203 F.3d at 1130. Plaintiff shall file an amended complaint by no later than March 23, 2018. In the amended complaint, Plaintiff should clearly identify: (1) each legal claim; (2) the facts supporting each claim; and (3) the defendant against whom the claim is alleged. Plaintiff does not need to re-file a financial affidavit with his amended complaint, because the Court has already found that he has established his inability to pay the filing fees. But failure to file an amended complaint by this deadline may result in the dismissal of the action in its entirety without further notice or leave to amend. In addition, Plaintiff's amended complaint will be dismissed if he does not correct the deficiencies the Court has identified in this order.

**IT IS SO ORDERED.**

Dated: 2/20/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge